# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> SHANE SEIZYS <br><br> Defendant. | 8:14CR409 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 382, filed by the Defendant, Shane Seizys. Also before the Court are Seizys's Motion to Compel, ECF No. 380, and Motion to Extend, ECF No. 381. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

After pleading guilty to two separate counts of robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), Seizys received a sentence of 348 months' incarceration, to be followed by five years of supervised release. Judgment, ECF No. 251. The sentence

was consistent with Seizys's plea agreement, executed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Plea Agreement, ECF No. 209, Page ID 653.

After the plea agreement was executed and his guilty plea was entered, the Court denied Seizys's motion to withdraw his guilty plea and he appealed the Court's denial to the U.S. Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the denial, finding Seizys "waived his right to appeal the district court's order denying his motion to withdraw the guilty plea[ ]" in the plea agreement, and that his waiver was knowing and voluntary. ECF No. 350-51, Page ID 2341; *United States v. Seizys*, 864 F.3d 930, 932 (8th Cir. 2017). He now submits his § 2255 Motion on several grounds.

## DISCUSSION

At the outset, the Court notes that Seizys's § 2255 Motion is timely and his Motion for an Extension of time to file a motion under 28 U.S.C. § 2255 will be denied as moot. Section 2255(f)(1) provides that a motion under that Section may be filed within one year from "the date on which the judgment of conviction becomes final[.]" Where a defendant directly appeals his conviction, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The Eighth Circuit affirmed Seizys's conviction on July 27, 2017, and the Rules of the Supreme Court of the United States, in effect at that time, provided ninety days after the Eighth Circuit's entry of judgment to file a petition for writ of certiorari. U.S. Sup. Ct. R. 13.1 (2013). Seizys's § 2255 Motion, dated May 19, 2018, and filed on May 29, 2018, is, therefore, timely under 28 U.S.C. § 2255(f)(1).

Based on the preclusive effect of his direct appeal and the waiver of his collateral-appeal rights in the plea agreement, Seizys's § 2255 Motion is limited to an assertion of ineffective assistance of counsel in connection with his execution of the plea agreement and his ultimate guilty plea.

Except for claims asserting ineffective assistance of counsel, a § 2255 petitioner "may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Jennings*, 696 F.3d at 762 (citing *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997)); *United States v. Lewis*, 483 F.3d 871, 873 n.2 (8th Cir. 2007) ("In general, an ineffective assistance of counsel claim is not cognizable on direct appeal. Instead, such a claim is properly raised in a 28 U.S.C. § 2255 action."). Nor may the petitioner use § 2255 to "relitigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333, 346-347 (1974)).

A defendant may also "waive the right to seek collateral relief under § 2255." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (citing *Chesney v. United States*, 367 F.3d 1055, 1058 (8th Cir. 2000)). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and the enforcement of the waiver would not result in a miscarriage of justice." *Ackerland*, 633 F.3d at 701 (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003)). "A defendant signing a plea agreement and assenting again at a plea hearing generally indicate a knowing and voluntary

3

waiver." *United States v. Cooney*, 875 F.3d 414, 416 (8th Cir. 2017).[1] However, "an otherwise valid waiver of post-conviction rights . . . does not prevent a defendant from attacking 'an illegal sentence[ ],' which is one that exceeds the statutory range.[2] *Ackerland*, 633 F.3d at 702 (quoting *Andis*, 333 F.3d at 891-92).

Seizys's 2255 Motion asserts: (1) his counsel was ineffective; (2) the Court lacked jurisdiction to impose his sentence; (3) the Court erroneously denied his request to withdraw his guilty plea; (4) the Plea Agreement was unlawful and void; (5) the Indictment, ECF No. 1, and Superseding Indictment, ECF No. 170, contained insufficient information; (6) robbery under 18 U.S.C. § 1951 is not a crime of violence; (7) the Court unlawfully accepted the Plea Agreement and departed from the United States Sentencing Guidelines (the Guidelines); (8) the Court improperly departed from the Guidelines by sentencing him to serve consecutive—rather than concurrent—terms of incarceration; and (9) his sentence violated his due process rights.

This Court has previously found, and the Eighth Circuit has affirmed, that Seizys knowingly and voluntarily entered into the plea agreement which included a broad waiver of both his direct-appeal and collateral-appeal rights. *Seizys*, 864 F.3d 930. On direct appeal, the Eighth Circuit reviewed whether Seizys should have been allowed to

---

[1] "As a general rule," courts in the Eighth Circuit should not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-appeal rights in the plea agreement context." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *see also United States v. Andis*, 333 F.3d 886, 887 (8th Cir. 2003).

[2] Although Seizys argues the Court misapplied the United States Sentencing Guidelines, he makes no argument that his sentence exceeded the statutory range. *See Ackerland*, 633 F.3d at 702 ("Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver."); *see also* 18 U.S.C. § 1951(a) (providing a maximum sentence of twenty years); 18 U.S.C. § 924(c)(1)(A)(ii) (providing a minimum sentence of seven years).

withdraw his guilty plea prior to sentencing and found that, based on the direct-appeal waiver in the plea agreement, he waived his right to appeal that issue. *Seizys*, 864 F.3d at 932. No other issue was raised on direct appeal. As such, he may not relitigate the propriety of this Court's decision to deny his motion to withdraw his guilty plea or any other issue which could have been raised on direct appeal, except for his claim asserting ineffective assistance of counsel. This is also consistent with the plea agreement which provides:

> The defendant [ ] knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. [§] 2255, except
>
> (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.[3]
>
> (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

Plea Agreement, ECF No. 209, Page ID 655. Accordingly, Seizy's § 2255 Motion is limited to his claim of ineffective assistance of counsel.

To establish ineffective assistance of counsel, Seizys must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to

---

[3] Seizys's § 2255 Motion does not challenge his conviction or sentence under this subsection of the plea agreement.

demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012). Therefore, in the guilty plea context, "a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

Seizys's ineffective assistance of counsel claim is based on a number of asserted failures by his lawyer: (1) failure to "contest a fatally flawed indictment;" (2) failure to object to Magistrate Judge F.A. Gossett's Findings and Recommendation denying Seizys's motion to suppress evidence; (3) failure adequately to cross-examine witnesses at the motion-to-suppress proceeding; (4) failure to advise Seizys on the sufficiency of the evidence against him; and (5) failure to advise Seizys of the elements of the crimes to which he pled guilty. He also claims his lawyer had a conflict of interest because he "entered into an agreement with the attorney general's office to not provide [Seizys] with discovery material . . . ." Motion, ECF No. 382, 2445. At Seizys's sentencing proceeding, the Court found that he was not denied effective assistance of counsel, ECF No. 285, Page ID 961, and it plainly appears from the record and the § 2255 Motion that Seizys is not now entitled to post-conviction relief.

Despite his contentions otherwise, Seizys's counsel objected to Magistrate Judge Gossett's Findings and Recommendation denying the motion to suppress, ECF No. 147; the Court advised Seizys of the elements that the Government would have to

6

prove beyond a reasonable doubt in order to convict him,[4] ECF No. 284, Page ID 939; and both the original Indictment and the Superseding Indictment specifically identified the robbery charged in Count II as the underlying crime of violence to support the charge in Count III for a violation of 18 U.S.C. § 924(c). Thus, Seizys's first, second, and fifth asserted failures lack merit.

Seizys's third asserted failure is that, during the motion-to-suppress hearing, his counsel insufficiently cross-examined the police officers who arrested him regarding their conflicting testimony on the descriptions of the suspects. He claims the failure resulted in an erroneous finding that the search and seizure of his person was constitutional. In its Memorandum and Order adopting Magistrate Gossett's Findings and Recommendation, the Court acknowledged the officers' inconsistent description testimony and found that they, nevertheless, executed a constitutional stop, seizure, and search of Seizys. ECF No. 161, Page ID 517-519. Thus, Seizys cannot satisfy the prejudice prong of the *Strickland* test with this asserted failure because, even if his counsel had more thoroughly cross-examined the officers on their description testimony, it would not have changed the Court's ruling on his motion to suppress evidence or the circumstances bearing on his decision to enter into the plea agreement or plead guilty.

Seizys's fourth asserted failure is that his counsel did not "advise [him] there was evidence that more than likely determined [his] innocence of Counts II and III." Motion, ECF No. 382, Page ID 2444. Seizys was on state parole at the time of the robbery charged in Count II, and he was wearing an ankle monitoring device with GPS tracking

---

[4] The plea agreement itself also enumerated the elements of the crimes to which Seizys pled guilty. ECF No. 209, Page ID 650-51.

capability, which the Government used to connect him to that robbery. At his sentencing hearing, where he moved to withdraw his guilty plea, Seizys argued the Government could not prove him guilty of Counts II and III beyond a reasonable doubt with the GPS location evidence. That evidence is now one of the bases for his ineffective assistance of counsel claim.

It is unclear whether Seizys now claims his counsel withheld the GPS evidence from him or that his counsel should have advised him this evidence would have been insufficient to prove his guilt beyond a reasonable doubt. With respect to the former, such an assertion directly contradicts Seizys's representations in the plea agreement that the GPS on his ankle monitor "was tracked to the [robbery charged in Count II] at the time of" the robbery and that he "fully discussed" these facts with his counsel. Plea Agreement, ECF No. 209, Page ID 651.[5] Thus, he cannot now claim he was not made aware of this evidence or that it was withheld from him. With respect to the later, it is clear from the record that Seizys's counsel provided him the reasonable professional assistance guaranteed by the Sixth Amendment.

With respect to his final claim, that his counsel was ineffective because of a conspiracy with the Attorney General's office, Seizys offers no evidence to support his claim of such a conspiracy.

Accordingly, it plainly appears from the record and Seizys's § 2255 Motion that he is not entitled to post-conviction relief under 28 U.S.C. § 2255.

IT IS ORDERED:

---

[5] Seizys also reaffirmed these representations at his change-of-plea hearing. Transcript, ECF No. 284.

8

1. Defendant Shane Seizys's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 382, is denied;

2. Defendant Shane Seizys's Motion to Extend, ECF No. 381, and Motion to Compel, ECF No. 380, are denied as moot;

3. A separate Judgment will be entered, denying the § 2255 Motion; and

4. The Clerk will mail a copy of this Memorandum and Order to Defendant Shane Seizys at his last known address.

Dated this 28th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge