IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:14-CR-409 |
| vs. | **MEMORANDUM AND ORDER** |
| SHANE SEIZYS, | |
| Defendant. | |

    This matter comes before the Court on Defendant's Motion for Compassionate Release (Filing 467). Defendant was sentenced on June 6, 2016, to a term of 348 months' incarceration, the statutory mandatory minimum, followed by five years of supervised release, after he pled guilty to two counts of robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Filing 251 at 1-3; *see also United States v. Seizys*, 864 F.3d 930 (8th Cir. 2017) (indicating the basis for conviction and affirming the District Court's judgment and sentence). After an unsuccessful appeal, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing 382), and the Court denied the motion. Filing 383. Defendant now seeks release from custody or a reduction in sentence. Filing 467 at 1.

    However, Defendant has not exhausted his administrative remedies. Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant submitted evidence of his initiation of administrative remedies, specifically the Warden's denial of Defendant's request for compassionate release dated September 15, 2020. Filing 467 at 2. But, the Warden's denial notes Defendant's right to appeal the decision within 20 days. *See* Filing 467 at 1. Defendant does not allege that he exhausted all administrative rights of appeal as required by 18 U.S.C. § 3582(c)(1)(A). Thus, the Court cannot entertain Defendant's request for compassionate release until his administrative remedies have been exhausted.

IT IS ORDERED:

1. Defendant's Motion for Compassionate Release (Filing 467) is denied without prejudice;
2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 14th day of October 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge