IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:14-CR-409 |
| vs. | |
| SHANE SEIZYS, | ORDER ON IN FORMA PAUPERIS STATUS AND CERTIFICATE OF APPEALABILITY |
| Defendants. | |

On September 2, 2022, Defendant filed a Notice of Appeal, Filing 519, which states that he is appealing the Court's June 28, 2018, Order, Filing 383, denying his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing 382. This matter is before the Court on its own initiative to determine if Defendant qualifies for *in forma pauperis* status on his appeal pursuant to Federal Rule of Appellate Procedure 24(a) and whether he is entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(1).

The Court first concludes that Defendant qualifies for *in forma pauperis* status on his appeal. Defendant was represented by appointed counsel earlier in this case, *see* Filing 484, and nothing in the record indicates that his financial circumstances have changed.

The Court will not, however, issue a certificate of appealability. To receive a certificate of appealability after the district court denied the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petition is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states

1

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The background of this case is uncomplicated. Defendant pleaded guilty to two separate counts of robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), for which the Court[1] imposed a sentence of 348 months of incarceration pursuant to Defendant's Rule 11(c)(10(C) plea agreement. Filing 209; Filing 251. After executing his plea agreement and entering a plea of guilty, Defendant moved to withdraw his guilty plea, which the Court denied. *See United States v. Seizys*, 864 F.3d 930, 931 (8th Cir. 2017) (explaining, on Defendant's appeal from his sentence and the denial of his motion to withdraw his plea, that Defendant sent a letter asking to withdraw his plea to the Court). The Eighth Circuit Court of Appeals affirmed the Court's denial, holding that Defendant "waived his right to appeal the district court's order denying his motion to withdraw the guilty plea[]" in the plea agreement, and that his waiver was knowing and voluntary. *Id.* at 932.

On May 29, 2018, Defendant filed a § 2255 Motion, in which he asserted several grounds in support, including (1) ineffective assistance of counsel; (2) that the Court lacked jurisdiction to impose his sentence (3) the denial of his motion to withdraw his plea; (4) the plea agreement was unlawful and void; (5) "insufficient information in original indictment"; (6) robbery under 18 U.S.C. § 1951 is not a crime of violence; (7) the Court unlawfully accepted the plea agreement and departed from the Sentencing Guidelines; (8) the Court improperly departed from the Sentencing Guidelines by imposing consecutive terms of incarceration; and (9) his sentence violated due process. Filing 382 at 1–21.

---

[1] Judge Laurie Smith Camp sentenced Defendant and denied his § 2255 Motion. After her sudden passing, this case was reassigned to the undersigned judge. *See* Filing 468.

2

In denying the petition, the Court first found that all grounds except for the ineffective-assistance ground were precluded by Defendant's failure to raise them in his direct appeal and by "the waiver of his collateral-appeal rights in the plea agreement." Filing 383 at 3–5. Therefore, the Court limited itself to addressing Defendant's argument that his counsel was ineffective. Filing 383 at 3–5. Defendant asserted his counsel made five errors: (1) failure to "contest a fatally flawed indictment"; (2) failure to object to the magistrate judge's findings and recommendation denying Defendant's motion to suppress; (3) failure to adequately cross-examine witness at the suppression hearing; (4) failure to advise Defendant of the sufficiency of the evidence against him; and (5) failure to advise Defendant of the elements of the crimes to which he pleaded guilty. Filing 382; Filing 383 at 6. Defendant also claimed that his counsel was inefficient for conspiring with the "attorney general's office" to withhold "discovery material" from Defendant. Filing 382; Filing 383 at 6.

Applying the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), the Court concluded that Defendant's counsel did not render ineffective assistance and that Defendant failed to show prejudice. Filing 383 at 5–8. First, the Court rejected errors (1), (2), and (5) because Defendant's counsel did object to the magistrate judge's findings and recommendation denying his motion to suppress; the Court advised Defendant of the elements of his convictions; and the Indictment and Superseding Indictment were not "fatally flawed." Filing 282 at 6–7. The Court further found that, under error (3), Defendant had failed to show his counsel's failure to cross-examine witnesses more thoroughly at the suppression hearing prejudiced him. Filing 383 at 7. As to the fourth asserted error, the Court found that at Defendant's change-of-plea and sentencing hearings he acknowledged that the evidence showed his GPS ankle monitor connected him to his robbery and that he "fully discussed" these facts with his counsel. Filing 383 at 8. Finally, the

Court addressed Defendant's argument that his counsel was ineffective because of a conspiracy with the Attorney General's office and concluded that Defendant had no evidence to support his conspiracy claim.

Upon review, the Court concludes that Defendant has failed to show that reasonable jurists would find it debatable whether he procedurally defaulted all his grounds except for his assertion of ineffective assistance of counsel. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Jennings v. United States*, 696 F.3d 759, 763 (8th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Defendant has utterly failed to show cause and prejudice or that he is innocent.[2] In his § 2255 Motion, he simply listed grievances he had with the proceedings leading up to his conviction and sentence without explaining good cause for why he was unable to raise these issues on direct appeal. Nor has he given the Court any reason to believe that he is actually innocent.

Moreover, the Court finds that reasonable jurists would not find it debatable whether Defendant's counsel rendered ineffective assistance. The record shows that his counsel was not constitutionally defective, much less that Defendant was prejudiced.

Defendant qualifies for *in forma pauperis* status, but the Court declines to issue a certificate of appealability. Accordingly,

IT IS ORDERED

1. Defendant is granted *in forma pauperis* status during his appeal; and
2. The Court will not issue a certificate of appealability for the appeal noticed at Filing 519.

---

[2] In his § 2255 Motion, Defendant did not argue that his counsel was ineffective for failing to raise the procedurally defaulted arguments on his direct appeal. *See* Filing 382 at 2–5.

Dated this 13th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge